1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10    SHERIE WHITE,
                                                NO. CIV. S-10-2642 KJM-GGH
11              Plaintiff,

12         v.                                   STATUS (PRETRIAL SCHEDULING)
                                                ORDER
13    BED BATH & BEYOND OF CALIFORNIA,
      LLC, et al.
14
                Defendants.
15    _____/

16         An initial scheduling conference was held in this case on April 27, 2011.  Scott Hubbard

17    appeared for plaintiff; Martin Orlick appeared for defendants.  Having reviewed the parties' Joint

18    Status Report filed on December 6, 2010, and discussed a schedule for the case with counsel at

19    the hearing, the court makes the following orders:

20         I.        SERVICE OF PROCESS

21         All named defendants have been served and no further service is permitted without leave

22    of court, good cause having been shown.

23         II.       ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

24         No further joinder of parties or amendments to pleadings is permitted without leave of

25    court, good cause having been shown.  *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth*

26    *Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

27    /////

28    /////

1  III.   JURISDICTION/VENUE

2  Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.  Jurisdiction and

3  venue are not disputed; however, defendants will dispute the court's jurisdiction over any

4  remaining state law claims if plaintiff's ADA claims are dismissed.

5  IV.   DISCOVERY

6  All discovery shall be completed by **February 29, 2012**.  In this context, "completed"

7  means that all discovery shall have been conducted so that all depositions have been taken and

8  any disputes relative to discovery shall have been resolved by appropriate order if necessary and,

9  where discovery has been ordered, the order has been obeyed.  All motions to compel discovery

10  must be noticed on the magistrate judge's calendar in accordance with the local rules of this

11  court.

12  V.   DISCLOSURE OF EXPERT WITNESSES

13  All counsel are to designate in writing, file with the court, and serve upon all other

14  parties the name, address, and area of expertise of each expert that they propose to tender at trial

15  not later than **January 9, 2012**.  The designation shall be accompanied by a written report

16  prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

17  By **January 30, 2012**, any party who previously disclosed expert witnesses may submit a

18  supplemental list of expert witnesses who will express an opinion on a subject covered by an

19  expert designated by an adverse party, if the party supplementing an expert witness designation

20  has not previously retained an expert to testify on that subject.  The supplemental designation

21  shall be accompanied by a written report which shall also comply with the conditions as stated

22  above.

23  Failure of a party to comply with the disclosure schedule as set forth above in all

24  likelihood will preclude that party from calling the expert witness at the time of trial.  An expert

25  witness not appearing on the designation will not be permitted to testify unless the party offering

26  the witness demonstrates: (a) that the necessity for the witness could not have been reasonably

27  anticipated at the time the list was proffered; (b) that the court and opposing counsel were

28  /////

2

promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, and includes both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. All expert discovery also shall be completed by **February 29, 2012**.

VI.   <u>MOTION HEARING SCHEDULE</u>

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard <u>no later than</u> **March 14, 2012**. The parties may obtain available hearing dates by calling Casey Schultz, the Courtroom Deputy, at (916) 930-4193.

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

        (a)    The opposition and reply must be filed by 4:00 p.m. on the day due; and

        (b)    When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

1   Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

2   the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,

3   652-53 (9th Cir. 1994).

4         The court places a page limit of twenty (20) pages on all moving papers, twenty (20)

5   pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must

6   be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the

7   motion.

8         The parties are reminded that a motion *in limine* is a pretrial procedural device designed

9   to address the admissibility of evidence.  The court will look with disfavor upon dispositional

10  motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.

11        <u>The parties are cautioned that failure to raise a dispositive legal issue that could have</u>

12  <u>been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date</u>

13  <u>may constitute waiver of such issue.</u>

14        VII.    <u>FINAL PRETRIAL CONFERENCE</u>

15        The Final Pretrial Conference is set for **April 11, 2012**, at 11 a.m.  At least one of the

16  attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial

17  Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable

18  to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with

19  the case and equal authorization to make commitments on behalf of the client.

20        Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial

21  Conference, with no matters remaining to be accomplished except production of witnesses for

22  oral testimony.  The parties shall confer and  file a joint pretrial conference statement by **March**

23  **21, 2012**.  The provisions of Local Rule 281 shall apply with respect to the matters to be

24  included in the joint pretrial statement.  In addition to those subjects listed in Local Rule 281(b),

25  the parties are to provide the court with a plain, concise statement that identifies every non-

26  discovery motion tendered to the court and its resolution.

27        Failure to comply with Local Rule 281, as modified by this order, may be grounds for

28  sanctions.

1    <u>Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel</u>
2    <u>shall submit to chambers the word processing version of the statement, in its entirety (including</u>
3    <u>the witness and exhibit lists) to</u>: kjmorders@caed.uscourts.gov.

4    The parties shall, in a concise manner, jointly identify only undisputed core facts
5    separately that are relevant to each claim.  Disputed core facts should then be identified in
6    the same manner.  The parties are reminded not to identify every fact in dispute but only
7    those disputed facts that are essential to the formulation of each claim.  Each disputed fact
8    and undisputed fact should be separately numbered or lettered.  Where the parties are
9    unable to agree what are the core disputed facts, they should nevertheless list core
10   disputed facts in the above manner.

11   Each party shall identify and concisely list each disputed evidentiary issue which
12   will be the subject of a party's motion *in limine*.

13   Each party shall identify the points of law which concisely describe the legal issues of the
14   trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect
15   issues derived from the core undisputed and disputed facts.  Parties shall not include argument or
16   authorities with any point of law.

17   The parties shall prepare a joint statement of the case in plain concise language which
18   will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to
19   inform the jury what the case is about.

20   The parties are reminded that pursuant to Local Rule 281 they are required to attach to
21   the Final Pretrial Conference Statement an exhibit listing  witnesses and exhibits they propose to
22   offer at trial.  After the name of each witness, each party shall provide a brief statement of the
23   nature of the testimony to be proffered.  The parties may file a joint list or each party may file
24   separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference
25   Statement itself, but shall be attached as separate documents to be used as addenda to the Final
26   Pretrial Order.

27   /////
28   /////

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ".  However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be then listed as A-3, A-4, A-5 etc.  All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Discovery documents to be listed in the pretrial statement shall not include documents which will be used only for impeachment and in rebuttal.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these

aims in mind.[1]  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

VIII.   TRIAL SETTING

The trial is set for **May 7, 2012** at 9:00 a.m.  Trial will be by jury.  The parties estimate a trial length of approximately two (2) days.

IX.   SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date is requested, the parties shall file said request jointly, in writing.  If the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

The parties informed the court at the initial scheduling conference that plaintiff and defendant Nicholas A. Speno 1999 Separate Property, LLC have settled this case as between these parties.  Parties are hereby ORDERED to file a notice of settlement within one week of the April 27 scheduling conference, by May 4, 2011.

The parties have no further intention of participating in settlement discussions at this time.  Defendants indicate that they will be amenable to participating in a settlement conference before the magistrate judge assigned to this case if their anticipated motion for summary judgment in denied.

X.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not

---

[1] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 868-69 (9th Cir. 1985).

constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

XI.   <u>OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER</u>

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED:  April 28, 2011.

_____
UNITED STATES DISTRICT JUDGE